784 So.2d 972 (2001)
Charles Dean TYLER, Appellant
v.
STATE of Mississippi, Appellee.
No. 98-KA-00727-COA.
Court of Appeals of Mississippi.
January 30, 2001.
Certiorari Denied May 17, 2001.
*973 Mitchel J. Creel, Greenville, for Appellant.
Office of the Attorney General by Deirdre McCrory, for Appellee.
EN BANC.

ON MOTION FOR REHEARING
THOMAS, J., for the Court:
¶ 1. The motion for rehearing is denied. The original opinion in this case is withdrawn, and this opinion is substituted therefor.

FACTS
¶ 2. This is an appeal from the Washington County Circuit Court wherein Charles Dean Tyler was convicted of capital murder and sentenced to life imprisonment. The murder victim in this case is Iris Hunt, a manager of an Exxon service station in Greenville, Mississippi. On the morning of July 13, 1995, Hunt left her workplace to make a deposit at the bank. However, she never returned, and the bank records show the money was never deposited. Testimony from both a co-worker and from Hunt's friend, both of whom were present at the station that morning, showed that earlier that morning, appellant Tyler had met Hunt at the service station, and the two had argued.
¶ 3. Two days later police searched Tyler's home and found blood drippings throughout the house and found a piece of dyed hair matching Hunt's hair. At the rear of the house the police also found a shoe matching one Hunt was identified wearing the morning of her disappearance as well as a rolled up carpet with a bloody white sheet inside of it. Hunt's body was found nearly two weeks after she initially disappeared. The morning she was last seen, Hunt left the service station with approximately $2,400 in cash to deposit at the bank. None of the money was found on her body. Miscellaneous other evidence and testimony revealed that prior to Hunt's disappearance, Tyler, who was unemployed, was in debt. Shortly after Hunt's disappearance, he paid off these debts.
¶ 4. Testimony showed Tyler did not have any bruises or scratches on his person the morning he was observed at the service station arguing with Hunt. Upon questioning Tyler after Hunt's disappearance, *974 Greenville Police Department Detective Tracy Giles observed scratches on Tyler's neck, a bite mark on his finger, a cut or scratch on his lower lip, and a scar or abrasion on his hand. An autopsy performed on Hunt's severely decomposed body showed Hunt died as a result of a homicide, although the exact cause of death could not be ascertained.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 5. With this petition, appellant Charles Dean Tyler argues that the conduct of his counsel at trial violated his Sixth Amendment right to counsel. Tyler also argues that the trial court erred in denying him the lesser-included-offense jury instruction of manslaughter.
¶ 6. Our standard of reviewing claims of ineffective of counsel is described in Taylor v. State, 682 So.2d 359 (Miss. 1996).
The standard of review for ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Strickland standard was adopted by this Court in Gilliard v. State, 462 So.2d 710, 714 (Miss.1985). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether or not the deficient performance, if any, prejudiced the defense.... The burden is on the defendant to prove both prongs.
Taylor, 682 So.2d at 363.
This Court's standard of review in reviewing jury instructions is as follows: In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.
Coleman v. State, 697 So.2d 777, 782 (Miss. 1997). A lesser-included-offense instruction is required only "where a reasonable juror could not on the evidence exclude the lesser-included offense beyond a reasonable doubt." Jackson v. State, 684 So.2d 1213, 1228 (Miss.1996). Applying the aforementioned standards of review to Tyler's case, we find the circuit court was proper in its decision, and we now affirm on both issues.

ANALYSIS OF THE ISSUES PRESENTED

I. WHETHER THE DEFENDANT'S SIXTH AMENDMENT RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY THE DEFENDANT'S COUNSEL AND THE TRIAL COURT.
¶ 7. Tyler alleges his trial counsel, John Cox, was ineffective due to a conflict of interest his attorney failed to reveal to Tyler. Tyler's counsel attempted to call Delitious Mosby on his case in chief. From the record we glean that Mosby's husband had an affair with the victim Hunt sometime in the past. Prior to Cox's representation of Tyler in the instant case, Mosby had consulted with Cox concerning possible divorce matters regarding the affair. In addition, Cox had handled a loan closing for Mosby, and Mosby had discussed with Cox trespass charges that Hunt, the victim, had filed against her. After an in-chambers hearing prompted by the state regarding Mosby's testimony, the circuit court determined that Mosby could invoke attorney-client privileges regarding her communications with her former attorney, Cox, which she did.
¶ 8. Tyler argues that his trial counsel was ineffective because he was denied his Sixth Amendment right to counsel. Tyler *975 cites the fifth circuit case of United States v. Garcia, 517 F.2d 272 (5th Cir.1975), which set out a three-part test to evaluate whether one's sixth amendment right to conflict-free counsel has or has not been waived. Garcia states:
The district court should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest. The defendant must be at liberty to question the district court as to the nature and consequences of his legal representation. Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections.
Garcia, 517 F.2d at 278 (emphasis added).
¶ 9. Tyler's reliance on Garcia in relation to any alleged conflict trial counsel Cox had with the witness Mosby is misplaced. Mosby had the right to invoke the attorney-client privilege regardless of who called her as a witness. Had appellant's counsel served as trial counsel in this case, the result would have been the same: he could no more question Mosby regarding privileged matters between Cox and her than could Cox.
¶ 10. This assignment is without merit.

II. WHETHER THE TRIAL COURT ERRED IN DENYING THE DEFENDANT A JURY INSTRUCTION OF THE LESSER INCLUDED OFFENSE OF MANSLAUGHTER.
¶ 11. Tyler argues the trial judge erred in overruling his request for the lesser-included jury instruction on manslaughter. "Where under the evidence a reasonable jury could find the defendant not guilty of the principal charge made in the indictment but guilty of a lesser-included offense, the trial judge ordinarily should instruct the jury regarding the elements of that lesser-included offense." Fairchild v. State, 459 So.2d 793, 800 (Miss.1984) (citations omitted). "We have repeatedly held that the accused is entitled to a lesser[-]offense instruction only where there is an evidentiary basis in the record therefor. Such instructions should not be granted indiscriminately[,] nor on the basis of pure speculation." Wilson v. State, 639 So.2d 1326, 1329 (Miss.1994) (citations omitted).
¶ 12. In this Court's recent case of McClendon v. State, 748 So.2d 814 (Miss. Ct.App.1999), the evidence presented showed that the defendant and victim argued before the victim's death; however, the Court refused to allow this evidence to constitute sufficient grounds for the lesser-included instruction of manslaughter:
The court explained that "an argument of such minimal importance does not fall under the definition of heat of passion. There was no evidence that [the victim] struck, threatened, or provoked [the defendant] in any way so as to produce the type of immediate and reasonably anticipated anger required to rise to the level of heat of passion." Similarly, a long-standing domestic dispute is not grounds for a manslaughter instruction. "There must not only be passion and anger to reduce a crime to manslaughter, but there must be such circumstances as would indicate that a normal mind would be roused to the extent that the reason is overthrown and that passion usurps the mind destroying judgment. Mere *976 words, no matter how provocative, are insufficient to reduce an intentional and unjustifiable homicide from murder to manslaughter."
McClendon, 748 So.2d at (¶ 15) (citations omitted). Tyler's case is akin to McClendon in that Tyler and the victim were seen arguing the morning of Hunt's disappearance, and on appeal this argument between Hunt and Tyler is Tyler's only contention in support of his theory that he acted out of heat of passion, and thus, was entitled to a manslaughter instruction. However, as stated above in McClendon, such an argument does not in itself provide the heat of passion element. We note also that Tyler did not testify at trial. Thus, he cannot now on appeal request that we infer that Hunt provoked him into committing the murder in the heat of passion since Tyler, himself, did not testify at trial to describe his requisite state of mind in the time surrounding Hunt's disappearance and subsequent death. Nor did he present any other evidence to initiate such an inference. Without Tyler's own testimony, there existed no evidence at trial to raise a presumption that would require the judge to instruct the jury on manslaughter in addition to murder. This issue has no merit.

CONCLUSION
¶ 13. Finding both of Tyler's arguments to hold no merit, we affirm the circuit court.
¶ 14. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WASHINGTON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, LEE, IRVING, and MYERS, JJ., concur.
KING, P.J., and CHANDLER, J., not participating.