LEE, J.,
for the court.
FACTS AND PROCEDURAL HISTORY
¶ 1. This case involves charges of grand larceny against Wilbert Myles, a former Mississippi State Trooper. On January 23, 2001, Trooper Myles met with Hancock County Deputy Justice Court Clerk Kimberly Stone at her office. Stone had three money orders for traffic fines which related to tickets Myles had written, but did not have the original citations, so Stone asked Myles to locate copies of the citations or fill out affidavits regarding them. Sometime after Myles left, Stone noticed that the money orders which had been on top of her desk were missing. Myles was not authorized to remove the money orders or to cash them.
¶ 2. Bank employees from two different banks on the coast testified that Myles came in uniform in his patrol car to the drive-up window of each of their banks and attempted to cash the money orders which were made out to the Hancock County Justice Court. Each teller informed Myles that he could not cash the money orders, but could only deposit them or return them to the payor to cash.
¶ 3. In Myles’s testimony he claimed that he mistakenly picked up the money orders with some other papers when he left Stone’s office, and that the bank employees misunderstood his questions. He explained that he, himself, was not attempting to cash the money orders, but that he was only inquiring as to whether the persons who drew the three money orders could cash the orders were he to return them to these payors. All three bank employees testified that Myles asked to cash the checks personally. In the prosecution’s cross-examination, Myles revealed that he held part-time jobs in addition to his full-time job as a state trooper. Myles objected to the relevancy of this evidence, but the prosecutor argued it was relevant for showing intent to take the money, and the court allowed it. Myles also admitted he had financial problems and an outstanding civil judgment owed to Donna Stockstill.
¶ 4. Myles requested an instruction for petit larceny, claiming each money order was a separate transaction, thus defeating the $250 threshold for grand larceny; the judge, however, overruled the request. Myles also requested a jury instruction for trespass rather than larceny, claiming that he took something without authority to do so but without intent to deprive the owner. The trial court also denied this instruction.
¶ 5. The jury found Myles guilty of grand larceny, and he was sentenced to five years in prison with three years suspended. His motion for judgment notwithstanding the verdict was denied, and he now appeals to this Court. Myles raises the following issues on appeal: (1) Did the trial court err by allowing evidence of a civil judgment against Myles? (2) Did the trial court err in refusing to grant lesser-included-offense instructions for *505 petit larceny and for trespass less than larceny? We review Myles’s arguments on these points but find no merit; thus, we affirm.
DISCUSSION OF THE ISSUES
I. DID THE TRIAL COURT ERR BY ALLOWING EVIDENCE OF A CIVIL JUDGMENT AGAINST MYLES?
¶ 6. Myles first argues that the court erred by allowing the prosecution to introduce evidence concerning a civil judgment that Donna Stockstill had against him. Our standard of review concerning admissibility of evidence is as follows:
Admissibility of evidence rests within the discretion of the trial court. However, this Court must also determine whether the trial court employed the proper legal standards in its fact findings governing evidence admissibility. If in fact the trial court has incorrectly perceived the applicable legal standard in its fact findings, the Court applies a substantially broader standard of review. However, a denial of a substantial right of the defendant must have been affected by the court’s evidentiary ruling. Furthermore, the trial court’s discretion must be exercised within the scope of the Mississippi Rules of Evidence and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs.
Mooneyham v. State, 842 So.2d 579(¶ 7) (Miss.Ct.App.2002).
¶ 7. Myles claims that the prosecution erred in cross-examining him concerning a judgment against him for an unpaid promissory note he owed to Donna Stockstill. Myles argues that nothing concerning indebtedness constitutes a crime or shows untruthfulness, which could be the proper subject of impeachment pursuant to Rules 608 and 609 of the Mississippi Rules of Evidence.[1] The State argues that the trial court did not admit this cross examination as character evidence, but rather admitted it as impeachment evidence, relevant for showing possible intent.
¶ 8. Myles testified that he had no intent to cash the money orders at the banks, only that his intent was to return the money to the three persons to whom he had written the traffic tickets. The bank tellers with whom he dealt, however, testified that Myles unequivocally attempted to cash the money orders himself.
¶ 9. Rule 404(b) of the Mississippi Rules of Evidence provides an exception to the rule that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. The exception states that such evidence may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
¶ 10. We find that Myles’s indebtedness and the fact that he worked two other jobs in addition to his job as a trooper is not a “crime” within the meaning of Rule 404(b), nor is it necessarily a “wrong” under the rule, either. It can be considered an “act,” however, and pursuant to the rule it is not admissible to prove his character or that he acted in conformity therewith. However, pursuant to the exceptions listed in the rule, the judge admitted evidence of Myles’s indebtedness to show that his intent or motive to steal the money orders was based on the indebtedness and appar *506 ent need for money. The judge ruled that the jury could weigh this evidence and determine its probative value.
¶ 11. Myles cites the following rule from Professor Wigmore’s noted treatise on evidence law:
The lack of money by A might be relevant enough to show the probability of A’s desiring to commit a crime in order to obtain money. But the practical result of such a doctrine would be to put a poor person under so much unfair suspicion and at such a relative disadvantage that for reasons of fairness this argument has seldom been countenanced as evidence of the graver crimes, particularly those of violence!.]
2 Wigmore, Evidence, § 392 at 431 (Chad-bourn rev. 1979). Myles negates to quote the paragraph which follows the one he cited which states:
Nevertheless in cases of merely speculative crime (such as larceny or embezzlement), and in civil cases where the issue is whether the defendant borrowed money or not, the fact that he was in need of it at the time is decidedly relevant to show a probable desire to obtain it and therefore a probable borrowing or purloining; and there is here not the same objection from the standpoint of possible unfair prejudice!.]
Id. at 431. According to Wigmore, since this is a case of larceny, evidence concerning Myles’s need for money at the time of the theft is relevant. We agree and find no error in the judge’s admitting this evidence.
II. DID THE TRIAL COURT ERR IN REFUSING TO GRANT LESSER-INCLUDED OFFENSE INSTRUCTIONS FOR PETIT LARCENY AND FOR TRESPASS LESS THAN LARCENY?
¶ 12. Myles argues that the trial court should have granted his request for lesser-included-offense instructions concerning petit larceny and trespass less than larceny.
This Court’s standard of review in reviewing jury instructions is as follows: In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. A lesser-included-offense instruction is required only “where a reasonable juror could not on the evidence exclude the lesser-included offense beyond a reasonable doubt.”
Tyler v. State, 784 So.2d 972(¶ 6) (Miss.Ct.App.2001) (citations omitted).

a. Petit larceny instruction

¶ 13. First, concerning petit larceny, Myles argues he is entitled to a new trial because the money orders should not have been taken at their face values since the cases to which they pertained were never docketed, an accusation was never filed, and the money orders were worthless in their unendorsed condition. Myles argued that each money order standing alone constituted one act of petit larceny, as opposed to the grand larceny charge when the three were grouped together. The State counters that none of the money orders were presented individually for cashing, rather Myles took them from the clerk’s office in one motion and presented them together at both banks where he attempted to cash them all at once.
¶ 14. The court denied Myles’s request for an instruction on petit larceny finding that the evidence clearly showed that Myles removed the money orders from the justice court not on separate occasions, but *507 in a singular act, and that he unequivocally presented all three orders at once for cashing at the banks. The evidence in this regard was overwhelming, and pursuant to the rule from Tyler, we find a lesser-included-offense instruction on petit larceny was not in order based on this evidence.

b. Trespass instruction

¶ 15. Myles also argues he was due a lesser-included-offense instruction on trespass less than larceny. Myles claims that since the checks were never endorsed, the State failed to prove that he actually stole them and intended to cash them. Myles claims the tellers’ testimony showed that Myles only asked them how to return the money orders to the purchasers so they could cash them. However, the record reveals that all three bank employees testified that Myles presented the money orders and asked if he could cash them because those people owed him money. We, again, look to caselaw for rules concerning lesser-included-offense instructions:
It is well settled that a lesser-included-offense instruction should be given unless the trial judge determines, by looking at the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser-included-offense, and ultimately not guilty of at least one element of the principal charge. Whether the lesser-included-offense instruction is allowed also turns on whether there is an evidentiary basis for it. There must be some evidence to support the lesser-included-offense.
Odom v. State, 767 So.2d 242(¶ 11) (Miss.Ct.App.2000) (citations omitted).
¶ 16. Evidence in favor of Myles consisted solely of his own contention concerning how he got the money orders and what he attempted to do with them after he discovered them in his possession. Countering his testimony, however, was the following testimony: Deputy Clerk Kimberly Stone stated that although officers were not authorized to remove money orders from her desk, Myles did take the three money orders; Hancock Bank Teller Lorraine Ladner at the Waveland branch testified that Myles approached her drive-up window and asked her to cash the three money orders, which she would not allow pursuant to her supervisor’s direction; Hancock Bank Teller Rebecca Necaise at the Bay St. Louis branch testified that Myles also approached her drive-up window and asked her to cash the three money orders, which she would not allow; and Hancock Bank Manager Miranda Bosarge, also at the Bay St. Louis branch, testified that she heard Myles ask Necaise to cash the three money orders for him and Ne-caise denied the request, which was in accordance with their banking policy. Further, although Myles claims that he attempted to cash the money orders because those persons owed him the money in return for favors he did for them, all three persons who purchased the money orders testified that they did not personally know Myles, nor did he owe them any favors nor they, him.
¶ 17. Myles requested a lesser-included-offense instruction of trespass, claiming that he mistakenly picked up the money orders from the clerk’s desk and later when he discovered he had done so, he went to the banks to attempt to cash the orders and return them to the persons who had purchased them. However, all evidence points to the contrary. A lesser-included-offense instruction is appropriate only when there is an evidentiary basis for it. Odom, at (¶ 11). Here, such did not *508 exist and we find the judge did not err in refusing the requested instruction.
¶ 18. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS SUSPENDED, AND THREE YEARS’ PROBATION IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. Rule 608 of the Mississippi Rules of Evidence in part concerns admission of evidence of the witness's character concerning truthfulness or untruthfulness. Rule 609 concerns impeachment by evidence of conviction of a crime.