901 So.2d 1282 (2004)
Samuel C. COMBY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01075-COA.
Court of Appeals of Mississippi.
December 14, 2004.
Rehearing Denied March 1, 2005.
Certiorari Denied May 19, 2005.
*1284 Kathryn N. Nester, Jackson, Shawna Anne Murrell, Columbia, SC, attorneys for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., IRVING and GRIFFIS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On his way home from working the night shift on September 3, 2002, Samuel Comby bought a six pack of beer. Comby drank the beer and ate breakfast as he worked around his house that morning. Shortly after noon, Comby offered to give a friend a ride across the Choctaw reservation, about a forty minute drive. After Comby dropped his friend off, he stopped by another friend's house who gave him several warm beers to take home. Comby then stopped by a convenience store and bought ice to cool off the beer. On his return home, Comby was south-bound on Conahatta-Prospect Road, when he crossed the double yellow lines, striking Patsy Butler, a motorist traveling north. Butler was pronounced dead on the scene. Comby was taken via ambulance to Alliance Laird Hospital, where he consented to a blood test. Comby's blood alcohol level registered at 0.19. A few days later Comby was arrested for DUI manslaughter.
¶ 2. Comby was convicted of DUI manslaughter, and it is from this conviction that Comby now appeals, claiming the following five points of error: (1) the trial court erred in allowing evidence of Comby's blood alcohol content and evidence obtained from his medical records; (2) the trial court erred in allowing into evidence items located in Comby's vehicle at the time of the accident; (3) the trial court erred in allowing Grady Downey to offer expert testimony in the field of toxicology when no notice was provided that he would provide such testimony; (4) the trial court erred in refusing Comby's requested jury instructions; and (5) the trial court erred in denying Comby's motion to dismiss based upon his arrest on the Choctaw reservation. Finding that these arguments *1285 lack merit, we affirm the judgment of the trial court.

DISCUSSION OF ISSUES

I. DID THE TRIAL COURT ERR IN ALLOWING EVIDENCE OF COMBY'S BLOOD ALCOHOL CONTENT AND EVIDENCE OBTAINED FROM MEDICAL RECORDS THAT WERE ILLEGALLY OBTAINED?

(a) Seizure of the medical records
¶ 3. Comby argues that his medical records were illegally seized and "all records/testimony obtained as a result of the illegal seizure should have been suppressed as fruit of the poisonous tree." Although the district attorney's office acted improperly in obtaining Comby's medical records, Comby has failed to outline for this Court specifically what evidence should have been suppressed. The appellant, Comby, bears the burden of showing some reversible error by the trial court. The failure to do so constitutes a waiver. King v. State, 857 So.2d 702, 726(¶ 77) (Miss.2003) (citing Branch v. State, 347 So.2d 957, 958 (Miss.1977)). This issue is procedurally barred from our consideration.

(b) Comby's Consent
¶ 4. Comby argues that the trial court erred in allowing evidence of his blood alcohol content. Comby argues that he did not voluntarily consent to have a blood sample taken, and the sample should have been suppressed.
¶ 5. In McDuff v. State, 763 So.2d 850, 855 (Miss.2000), the supreme court held that taking a blood sample had to be based on probable cause, a warrant or consent. In the case sub judice, Comby signed a consent form to have his blood drawn and tested for law enforcement purposes. To determine whether Comby's consent was valid, the trial court, outside the presence of the jury, heard testimony from the nurses who were present when Comby signed the consent form, the deputy who obtained Comby's consent, and Comby himself. The trial court determined that Comby voluntarily consented to having his blood drawn. Voluntary consent is an issue which is committed to the broad discretion of the trial court. Forrest v. State, 863 So.2d 1056, 1061(¶ 12) (Miss.Ct.App.2004) (citing Logan v. State, 773 So.2d 338, 343(¶ 13) (Miss.2000)). Unless that discretion is abused, this Court is obligated to affirm that decision. Id. Given the record presented to this Court, we cannot say that the trial court abused its discretion in finding that Comby's consent was voluntary.
¶ 6. Comby also argues that his blood alcohol level of 0.19 calls into question his ability to consent. The Mississippi Supreme Court has held that where the defendant appears to be aware of the circumstances surrounding his consent, the consent is valid despite his purported intoxication. Wash v. State, 790 So.2d 856, 859(¶ 8) (Miss.Ct.App.2001) (citing Mitchell v. State, 609 So.2d 416, 421 (Miss.1992)). Comby was aware that he had collided with Butler. At the scene of the accident Comby inquired about Butler. While being loaded into the ambulance Comby had the presence of mind to tell the officers that his driver's license was in the car in the glove compartment. The emergency medical technician who delivered Comby to the hospital testified that Comby was able to answer all of his questions en route to the hospital. At the hospital Comby signed the consent form. The nurses attending Comby testified that Comby appeared to understand what was going on. The nurses testified that Comby was able to answer their questions, and that they communicated back and forth with him. The deputy who secured Comby's *1286 consent testified that Comby understood what was going on and that he was lucid as he talked with personnel in the room. We cannot say that the trial court erred in finding that Comby's consent was valid despite his intoxication.

II. DID THE TRIAL COURT ERR IN ALLOWING INTO EVIDENCE ITEMS LOCATED IN COMBY'S VEHICLE AT THE TIME OF THE ACCIDENT AS NO WARRANT HAD BEEN ISSUED AND COMBY DID NOT CONSENT TO THE SEARCH?
¶ 7. Comby argues that evidence obtained from his car should have been suppressed because no warrant was obtained to search the vehicle and Comby did not consent to the search. Under the automobile exception police may conduct a warrantless search of an automobile and any containers therein if they have probable cause to believe that it contains contraband or evidence of crime. California v. Acevedo, 500 U.S. 565, 576, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991); see also Wyoming v. Houghton, 526 U.S. 295, 301, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999); United States v. Ross, 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Thus, a search of Comby's car must be supported by probable cause even though a warrant was not necessary. A probable cause determination should be based on the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The evidence in support of probable cause "must be viewed in light of the observations, knowledge, and training of the law enforcement officers involved in the warrantless search." United States v. Muniz-Melchor, 894 F.2d 1430, 1438 (5th Cir.1990). While a warrant is generally required before the search for or seizure of evidence may be conducted, no warrant is required to seize an object in plain view when viewed by an officer from a place he has the lawful right to be, its incriminating character is readily apparent and the officer has a lawful right of access to the evidence. Minnesota v. Dickerson, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). However, this exception only forgives the lack of a warrant. There must still be probable cause before such a search or seizure can be made. Arizona v. Hicks, 480 U.S. 321, 326-27, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).
¶ 8. Deputy Jody Pennington, who responded to the scene of the accident, testified that Comby's eyes were bloodshot, that his breath smelled of alcohol, and that his motor skills were impaired. Comby also identified himself as the driver of one of the vehicles. Pennington testified that after he read Comby his Miranda warnings, Comby told him that he had consumed about eight or nine beers that day, but that he had not had anything to drink in about three hours. Clearly, under the totality of the circumstances, there was probable cause to believe that Comby's vehicle contained evidence of a crime. Additionally, some of the beer was found lying in the back floorboard of the car. The smell of alcohol on Comby's breath, coupled with his impaired coordination and his statement that he had consumed a good bit of alcohol earlier in the day constituted probable cause sufficient to seize the beer the officers found in plain view. The incriminating nature of the beer was apparent, and the deputy spotted the beer from a lawful vantage point. There was sufficient probable cause to search the vehicle, and there was sufficient probable cause to seize the beer.
¶ 9. Because there was adequate probable cause, the trial court did not err in allowing the evidence found in Comby's vehicle. This issue is without merit.

III. DID THE TRIAL COURT ERR IN ALLOWING EXPERT TESTIMONY IN TOXICOLOGY WHEN NO NOTICE WAS PROVIDED *1287 TO COMBY PRIOR TO TRIAL THAT THE EXPERT WOULD PROVIDE SUCH TESTIMONY?
¶ 10. When this Court is faced with a claim of discovery violation, the record must be reviewed to determine whether the trial court followed the procedure set forth in Box v. State, 437 So.2d 19 (Miss.1983) (Robertson, J., specially concurring). The Box guidelines have been clearly articulated and adopted in Uniform Rules of Circuit and County Court rule 9.04(I):
If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows:
1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs, or other evidence; and
2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or a mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial.
3. The court shall not be required to grant either a continuance or mistrial for such a discovery violation if the prosecution withdraws its efforts to introduce such evidence.

(a) Reasonable opportunity to become familiar with the undisclosed testimony
¶ 11. Comby's attorney objected to the redirect testimony regarding the absorption of alcohol on the basis that Downey, the State's expert, was not a toxicologist. The jury was then excused, and the trial judge questioned Downey regarding his qualifications. Comby's attorney was then allowed to question Downey regarding any analysis of alcohol absorption that Downy made in preparation for this case. Comby's attorney stated her objection to the testimony, noting that "it's unfairly [prejudicial] to the defendant to have him convert into a toxicology expert when we've had no opportunity to prepare a defense for that." Comby's attorney clearly had the opportunity to question the witness and determine that the defense would be prejudiced by such testimony.

(b) Request a continuance
¶ 12. Under Box and URCCC 9.04, Comby's attorney, after questioning Downey regarding his opinions on absorption, should have then requested a continuance from the court if she felt that the defendant might be prejudiced by the inability to prepare for the testimony. Failure to request a continuance constitutes a waiver of the discovery violation issue. McGowen v. State, 859 So.2d 320, 338(¶ 62) (Miss.2003) (citing Harrison v. State, 635 So.2d 894, 898 (Miss.19964); Box, 437 So.2d at 22-26). Because Comby did not request a continuance when confronted with the previously undisclosed opinion, this issue is waived.

IV. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR IN DENYING COMBY'S PROPOSED JURY INSTRUCTIONS?
¶ 13. In this assignment of error, Comby addresses two jury instructions, one that was rejected by the trial court and one that was granted by the trial court. For the purpose of clarity this Court will address the instructions separately.

*1288 (a) Instruction S-6
¶ 14. Comby argues that the trial court erred in granting instruction S-6 as amended. Instruction S-6 was marked "refused," but the court did draft another instruction from which Comby cites in his brief. The record reflects that this instruction was identified as S-7. This instruction read as follows:
[t]he Court instructs the jury that at all times a driver of a vehicle is required to maintain easy and reasonable control of his vehicle to the right of the center line of the road.
The jury is further instructed that if you believe in this case beyond a reasonable doubt that the Defendant, Samuel C. Comby, failed to maintain easy and reasonable control of his vehicle and failed to maintain his vehicle to the right of the center line of the road at the time of the accident, then you should find that he was negligent.
¶ 15. Comby argues that the instruction had the effect of placing a higher standard of care on Comby as the driver of the vehicle by requiring him to maintain easy and reasonable control of his vehicle "at all times." This Court is not inclined to agree. The standard of review applicable when considering challenges to jury instructions requires that the appellate court avoid considering instructions in isolation, but rather consider them as a whole for determining whether the jury was properly instructed. Burton ex rel. Bradford v. Barnett, 615 So.2d 580, 583 (Miss.1993). "Defects in specific instructions do not require reversal `where all instructions taken as a whole fairlyalthough not perfectlyannounce the applicable primary rules of law.'" Id. (citations omitted). When taken as a whole, the instructions did not place a higher standard of care on Comby as a driver. The jury was adequately and properly instructed as to Comby's duty to drive in a reasonably safe manner. This assignment of error lacks merit.

(b) Lesser-included offense instruction
¶ 16. Once again, when determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. Myles v. State 854 So.2d 502, 506(¶ 12) (Miss.Ct.App.2003). When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. The Supreme Court outlined when a lesser-included offense instruction should be granted in Harper v. State, 478 So.2d 1017, 1021 (Miss.1985).
A lesser included offense instruction should be granted unless the trial judgeand ultimately this Courtcan say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser included offense (and conversely not guilty of at least one essential element of the principal charge).
Id. at 1021. A lesser-included offense instruction is required only "where a reasonable juror could not on the evidence exclude the lesser-included offense beyond a reasonable doubt." Tyler v. State, 784 So.2d 972(¶ 6) (Miss.Ct.App.2001). Thus, the instruction regarding failing to yield the right of way would be required only if a reasonable juror could find Comby guilty of the lesser-included offense and therefore not guilty of at least one essential element of the charge of driving under the influence. Taking the testimony of the responding officers, the emergency personnel, Comby's own testimony that he consumed a six pack of beer hours before the accident, and the level of alcohol found *1289 in Comby's blood sample, a rational juror could not find that Comby was not driving under the influence. Accordingly, the trial court did not err in denying the lesser-included offense instruction.

V. DID THE TRIAL COURT ERR IN NEITHER DISMISSING THE INDICTMENT NOR SUPPRESSING THE FRUITS OF THE ARREST?
¶ 17. Comby argues that he was arrested illegally on Indian reservation property and that the arrest was illegal because extradition proceedings should have been followed. Comby argues that because extradition proceedings were not followed, all evidence stemming from the arrest should have been suppressed.
¶ 18. Assuming, without deciding, that Comby was arrested illegally, Comby has failed to show that any evidence was obtained as a result of the arrest. Comby's blood sample was taken pursuant to his consent as discussed previously in this opinion. Comby's vehicle and the evidence obtained therefrom were not within Choctaw jurisdiction because the accident did not occur within Indian land. "The `body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." Immigration and Naturalization Service v. Lopez-Mendoza, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). Accordingly, the legality of Comby's arrest is a non-issue, for the appellant has failed to show what evidence, save the body of the defendant himself, should be suppressed. The appellant, Comby, bears the burden of showing some reversible error by the trial court. The failure to do so constitutes a waiver. King, 857 So.2d at 726(¶ 77). Accordingly, this assignment of error lacks merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF DUI-MANSLAUGHTER AND SENTENCE OF TWENTY-ONE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS SUSPENDED AND THREE YEARS' PROBATION AND PAY RESTITUTION OF $11,265.25 TO THE VICTIM'S HUSBAND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.