910 So.2d 745 (2005)
Troy E. COOK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00441-COA.
Court of Appeals of Mississippi.
March 22, 2005.
Troy E. Cook, appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
*746 Before BRIDGES, P.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. On August 27, 1992, Troy E. Cook was indicted for the crime of burglary of an inhabited dwelling as a habitual criminal under the provisions of Mississippi Code Annotated §§ 97-17-21 (Rev.2000) and 99-19-83 (Rev.2000). Mississippi Code Annotated § 97-17-21 prescribes a prison sentence of not less than seven years nor exceeding fifteen years and Mississippi Code Annotated § 99-19-83 states that a habitual criminal who has been convicted of two prior felonies, one of which was a violent crime, shall be sentenced to life imprisonment without the possibility of parole. On March 8, 1993, Cook pled guilty to the charges, and, as part of the plea agreement, the charges against him were reduced so that Cook would be sentenced under Mississippi Code Annotated § 99-19-81 (Rev.2000). That section states that habitual criminals convicted of two or more felonies shall be sentenced to the full sentence without the eligibility of parole. Cook was sentenced to fifteen years imprisonment in the custody of the Mississippi Department of Corrections, without the eligibility of parole, the maximum sentence under § 97-17-21.
¶ 2. Cook filed his most recent motion for post-conviction relief with the Union County Circuit Court on December 17, 2003. On February 12, 2004, Cook's motion was summarily denied with the court holding that Cook's motion was both time-barred and barred as a successive writ.

STATEMENT OF FACTS
¶ 3. On August 27, 1992, Cook was indicted for the July 3, 1992 burglary of an inhabited dwelling in violation of Mississippi Code Annotated § 97-17-21. Cook was charged as an habitual offender pursuant to Mississippi Code Annotated § 99-19-83, which mandates that habitual offenders who are guilty of two or more felonies, one of which is a violent crime, are to be sentenced to life imprisonment without the eligibility of parole. Cook's prior felonies include an October 5, 1978 conviction in Union County, Mississippi for the crime of burglary, a September 17, 1982 conviction in Union County, Mississippi for burglary of a dwelling, and the February 25, 1991 conviction of simple assault on a law enforcement officer. As Cook's conviction for assault on a law enforcement officer constitutes a crime of violence, the statutory punishment prescribed is life without parole, as set forth under Mississippi Code Annotated § 99-19-83.
¶ 4. As part of his guilty plea, Cook pled guilty to the charge of burglary and was sentenced under Mississippi Code Annotated § 99-19-81, which, in conjunction with Mississippi Code Annotated § 97-17-21, prescribes a sentence of fifteen years for the crime charged, rather than a sentence of life imprisonment as would be prescribed under Mississippi Code Annotated § 99-19-83.
¶ 5. Cook filed his first motion for post-conviction relief on April 12, 1994, arguing that his guilty plea was not entered freely and voluntarily, that he received ineffective assistance of counsel, and that his defense was prejudiced by pretrial statements made to the media about his case. Cook's motion was denied by the Circuit Court of Union County. The Mississippi Supreme Court affirmed the circuit court's denial. Cook v. State, 696 So.2d 1069 (Miss.1997).
¶ 6. Cook filed his second motion for post-conviction relief with the Circuit Court of Union County, Mississippi on August 22, 2003. This second motion for post-conviction relief was summarily denied as time-barred and barred as a successive *747 writ. Aggrieved by the ruling of the circuit court, Cook now appeals raising the following issue:

I. WHETHER COOK RECEIVED AN ILLEGAL SENTENCE.
¶ 7. Finding no error, we affirm.

LEGAL ANALYSIS

I. WHETHER COOK RECEIVED AN ILLEGAL SENTENCE.
¶ 8. Cook argues that the sentence he received is illegal in light of the statutory language of Mississippi Code Annotated § 47-7-3(1)(a) (Rev.2004), which states as follows:
(1) Every prisoner who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi State Penitentiary for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the penitentiary, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided, except that:
(a) No prisoner convicted as a confirmed and habitual criminal under the provisions of Sections 99-19-81 through 99-19-87 shall be eligible for parole;
¶ 9. Cook pled guilty to burglary of an inhabited dwelling as an habitual offender pursuant to Mississippi Code Annotated § 99-19-81. Pursuant to the plea agreement entered, Cook was sentenced to imprisonment in the custody of the Mississippi Department of Corrections for a term of fifteen years. Cook now argues that the sentence he received was "illegal," as he was previously convicted of a violent crime, thus making him ineligible for a sentence any less than life imprisonment, pursuant to Mississippi Code Annotated § 99-19-83. Cook's argument is without merit for three reasons.
¶ 10. First, it is well established in Mississippi that an individual may not plead guilty to a crime, receive a lesser sentence than what is prescribed by statute, and then use the more lenient sentence as a sword to attack the entire sentence as illegal. McGleachie v. State, 800 So.2d 561, 563(¶ 4) (Miss Ct.App.2001). Following this principle, Cook's argument fails, as he actually benefitted from the sentence by receiving fifteen years imprisonment, rather than life imprisonment.
¶ 11. Second, Cook's motion for post-conviction relief fails as it is procedurally barred in accordance with Mississippi Code Annotated § 99-39-27(9) (Rev.2000) which states in relevant part as follows:
(9) The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter.
Cook filed his first motion for post-conviction relief on April 12, 1994. The circuit court denied relief and the Mississippi Supreme Court affirmed on June 5, 1997. As such, Cook's most recent motion, filed August 22, 2003, is barred as a successive writ.
¶ 12. Third, Cook's motion for post-conviction relief is time-barred under Mississippi Code Annotated § 99-39-5(2) (Rev.2000) which states in relevant part:
(2) A motion for relief under this chapter shall be made within three (3) years *748 after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
Cook's motion for post-conviction relief was filed well beyond the three year statutory period during which such motions may be filed. As illustrated by McGleachie, Cook's argument that he was subjected to an illegal sentence is not recognized in Mississippi. McGleachie, 800 So.2d at 563. Therefore, it cannot be stated that the law of this state has changed so as to adversely affect the outcome, had his guilty plea been entered today. As such, Cook's motion for post-conviction relief is both time-barred under § 99-39-5(2) as well as procedurally barred under § 99-39-27(9). Nobles v. State, 843 So.2d 734, 735 (¶¶ 5-6) (Miss.Ct.App.2003).
¶ 13. Therefore, for the foregoing reasons, we affirm the circuit court's judgment denying Cook's motion for post-conviction relief.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.