GRIFFIS, P.J.,
for the Court:
¶ 1. Charlie Blount was convicted of motor-vehicle theft under Mississippi Code Annotated section 97-17-42 (Supp.2011). Blount was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007). On appeal, Blount argues: (1) the circuit court erred in denying his proposed lesser-offense trespass jury instruction; (2) the circuit court improperly sentenced him as a habitual offender under section 99-19-83; (3) the circuit court erred in denying his motion for a judgment notwithstanding the verdict because the State did not present sufficient evidence; and (4) the verdict was against the overwhelming weight of the evidence. We find no error and affirm.
FACTS
¶ 2. On May 26, 2010, Jackson Police Department Officer Shiameka Freemen investigated a call about an auto theft on Mill Street in Jackson, Mississippi. When Officer Freemen arrived to investigate, she saw a Canadian National Railroad (CN) truck fitting the stolen vehicle’s descrip *1219 tion. It was parked at a house near the scene of the reported theft. While at the scene, Blount approached Officer Freemen. Officer Freemen testified that Blount asked her why she was touching his truck. Officer Freemen then placed Blount under arrest.
¶ 3. Brian Tripp, a CN employee, was working that night. Tripp testified that he was using the CN truck near the railroad tracks. Tripp was conducting a safety inspection on the railroad track. Tripp had exited the truck to “blue light” a railroad track line. “Blue lighting” means to temporarily suspend traffic on the line. After he exited the CN truck, Tripp saw Blount enter the driver’s seat. Tripp’s co-worker, John Downing, was in the passenger seat. Tripp and Downing were wearing CN security shirts.
¶ 4. Tripp testified that he told Blount to get out of the truck. Blount was belligerent. By this time, Downing had exited the passenger-side of the truck. Tripp testified that he saw Blount reach into his pocket and thought that Blount had a weapon. Tripp fled the area of the truck and ran to a nearby bridge. He then radioed the yardmaster to report the incident. Later, Tripp picked Blount out of a six-man photographic line-up.
¶ 5. Downing testified that he had tried to persuade Blount to get out of the truck. However, Blount refused. According to Downing, Blount stated that he was “taking the [expletive] truck” and claimed he “own[ed] the [expletive] railroad.” Downing also testified to seeing Blount reach into his pocket. Downing stated he saw Blount drive the truck down Mill Street and stop the truck near a house. Downing also picked Blount out of a six-man photographic line-up.
¶ 6. Jackson Police Department Detective Kenneth West interviewed Blount two days after his arrest. Blount was given his Miranda rights, and he waived them. Blount told Detective West that the truck was parked near his house, that the motor to the truck was running, and that the lights were on. Blount stated he saw someone in the truck and saw someone exit the truck. At that point, Blount said he got in the truck and moved the truck about one-hundred feet.
¶ 7. Blount admitted to Detective West that he did not have permission to move the truck. Blount stated that he told one of the men at the scene that he moved the truck because he thought someone was going to steal something off the back of the truck. Blount denied threatening anyone at the time he moved the truck.
¶ 8. Following a jury trial, Blount was convicted of motor-vehicle theft and was sentenced as a habitual offender to life in prison without eligibility for parole or probation. The circuit court denied Blount’s post-trial motions, and Blount now appeals.
ANALYSIS

1. Whether the circuit court erred in refusing Blount’s jury instruction for a lesser-included offense of trespass.

¶ 9. Where a defendant claims “he was entitled to a lesser-included[-]offense instruction, we conduct [a] de novo review, as this is a question of law.” Downs v. State, 962 So.2d 1255, 1258 (¶ 10) (Miss.2007). “[T]he instructions actually given must be read as a whole.” Myles v. State, 854 So.2d 502, 506 (¶ 12) (Miss.Ct. App.2003) (quoting Tyler v. State, 784 So.2d 972, 974 (¶ 6) (Miss.CtApp.2001)). There will be no reversible error if the instructions read as a whole “fairly announce the law of the case and create no injustice.” Id. A lesser-ineluded-offense instruction should be given only “where a reasonable juror could not on the evidence *1220 exclude the lesser-included offense beyond a reasonable doubt.” Id. Furthermore, in Odom v. State, 767 So.2d 242, 246 (¶ 11) (Miss.Ct.App.2000), this Court stated that:
[A] lesser-included-offense instruction should be given unless the trial judge determines, by looking at the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser-included[ joffense, and ultimately not guilty of at least one element of the principal charge. Whether the lesser-included-offense instruction is allowed also turns on whether there is an evidentiary basis for it. There must be some evidence to support the lesser-included[ joffense.
(internal citations omitted).
¶ 10. Mississippi Code Annotated section 99-19-5(1) (Rev.2007) provides:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
¶ 11. Therefore, in order to grant a lesser-included-offense jury instruction, the more serious offense must include all the elements of the lesser offense, meaning it is impossible to commit the greater without also committing the lesser. Hailey v. State, 537 So.2d 411, 415 (Miss.1988).
¶ 12. Section 97-17-42(1), the definition of motor-vehicle theft, reads:
Any person who shall, willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another, with intent to either permanently or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership, and any person who knowingly shall aid and abet in the taking possession or taking away of the motor vehicle, shall be guilty of a felony and shall be punished by commitment to the Department of Corrections for not more than ten (10) years.
¶ 18. In Richmond v. State, 751 So.2d 1038, 1046-47 (¶23) (Miss.1999) (citing Deal v. State, 589 So.2d 1257, 1260 (Miss. 1991)), the supreme court rejected the defendant’s argument that he was entitled to a lesser-included-offense jury instruction on trespass in a case involving a motor-vehicle theft. The supreme court concluded that there was no evidence that would have led a reasonable juror to believe that the defendant was just borrowing the vehicle. Id. at 1047 (¶ 24).
¶ 14. The facts here are similar. There were facts presented to establish that Blount claimed ownership of the CN truck. In fact, the men from whom Blount took the truck were both wearing hard hats, shirts with the CN logo (the same logo that was on the truck), bright green reflective vests, tool belts, and safety glasses. Blount admitted to police that he did not have permission to enter or move the truck. Further, Blount asked Officer Freeman why she was touching “his truck.”
¶ 15. The refused instruction on trespass stated that trespass is “wilfully and maliciously entering another’s real or personal property....” However, Blount did not just enter the CN truck. He physically removed the truck from the control of the CN employees and drove it away. He intimidated the employees with cursing, belligerence, and threatening gestures, *1221 such as reaching into his pocket as if he were going to draw a gun. When confronted by police, he claimed the CN truck was his. The fact that Blount claimed the truck was his and took it from men who were clearly CN employees simply does not support Blount’s theory that he was just moving the truck because the persons driving it were unfamiliar to him.
¶ 16. Jury instructions should be given only when there is evidence to support them. The evidence discussed above did not point to trespass. There was no evi-dentiary basis for a lesser-ineluded-offense instruction on trespass here. “A lesser-ineluded-offense instruction is appropriate only when there is an evidentiary basis for it.” Myles, 854 So.2d at 507 (¶ 17). The State presented strong evidence of motor-vehicle theft. A reasonable juror would not have been led to conclude that Blount was only guilty of trespass. To have instructed the jury on trespass would have been “based purely on speculation or surmise.” Wilson v. State, 639 So.2d 1326, 1329 (Miss.1994).
¶ 17. Taking the evidence in the light most favorable to Blount, no reasonable jury could find Blount guilty of only trespass. The circuit court correctly refused to instruct the jury on trespass, as requested by Blount. Therefore, this issue has no merit.

2. Whether the circuit court improperly sentenced, Blount as a habitual offender.

¶ 18. Mississippi Code Annotated section 99-19-83 (Rev.2007) provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 19. The propriety of Blount’s life sentence turns on his conviction for simple assault on a law-enforcement officer. Blount argues that his conviction for simple assault does not constitute a crime of violence. Additionally, he argues that the state failed to provide sufficient evidence that he served more than a year for the offenses.
¶ 20. The requirements to impose a sentence as a habitual offender are “that the accused be properly indicted as a[ ] habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecution’s proof.” Keyes v. State, 549 So.2d 949, 951 (Miss.1989) (internal citations omitted); see also Frazier v. State, 907 So.2d 985, 991 (¶14) (Miss.Ct.App. 2005); Crouch v. State, 826 So.2d 772, 776 (¶ 4) (Miss.Ct.App.2002). Enhanced sentences “are based not merely on [a defendant’s] most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced to other crimes.” Huntley v. State, 524 So.2d 572, 575 (Miss.1988) (quoting Rummel v. Estelle, 445 U.S. 263, 284, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)).
¶ 21. Simple assault of a police officer has been deemed a crime of violence. Cook v. State, 910 So.2d 745, 746 (¶ 3) (Miss.App.Ct.2005). Blount’s indictment for simple assault stated that he *1222 attempted to cause bodily injury to a law-enforcement officer, Jim Jones, who was acting within his scope of duty and office, by pointing a pistol at him. Blount’s signed plea petition stated “simple assault on LEO: purposefully, unlawfully, and knowingly attempt to put a police officer acting [within] the scope of his office in serious bodily harm.” He also admitted, “I pointed a gun at a police officer.” The sentencing orders entered on March 1, 1993, stated: “simple assault ... 5 years”; “acc after fact grand larceny ... 5 years”; and “rec stolen goods ... 5 years.” The sentencing orders stated that each separate sentence would run concurrently.
¶ 22. Blount’s five-year sentence for simple assault is consistent with a sentence prescribed for simple assault of a law-enforcement officer under Mississippi Code Annotated section 97-3-7(1) (Supp. 2011). Simple assault upon certain categories of persons carries a maximum sentence of six months. Id. Simple assault upon other categories of persons, including law-enforcement officers, carries a maximum sentence of five years. Id. The evidence discussed above was sufficient to find that Blount was convicted of simple assault on a law-enforcement officer, not just simple assault. Therefore, Blount’s argument that his sentence is improper because he was not convicted of a crime of violence is without merit.
¶ 23. The State presented evidence of Blount’s prior convictions and sentences by providing certified copies of the indictment, plea petition, and sentencing orders. Also, the office supervisor at the Central Mississippi Correctional Facility of the Mississippi Department of Corrections testified that Blount served two years and two days for the simple-assault charge along with his other separate concurrent convictions. He also served three years for a cocaine conviction. However, it is not necessary to show that a defendant sen>ed more than one year. Frazier, 907 So.2d at 991 (¶ 15). “[P]roof of habitual status is sufficient where the State demonstrates that a defendant was sentenced to terms in excess of one year.” Id. (emphasis added). Blount served over one year and was sentenced over one year. Therefore, Blount’s argument that his sentence is improper because there was not sufficient evidence of him serving over one year is without merit.
¶ 24. The circuit court properly sentenced Blount as a habitual offender under section 99-19-83. Therefore, this issue has no merit.

3. Whether the circuit court erred in denying Blount’s motion for a judgment notwithstanding the verdict because the State did not present sufficient evidence.

¶ 25. The standard of review for sufficiency of evidence is “whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted).
¶ 26. The elements of motor-vehicle theft are: “willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another, with intent to either permanently or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership.... ” Miss.Code Ann. § 97-17-42(1) (Supp.2011).
¶ 27. The evidence was sufficient to support Blount’s conviction. Blount told Downing that he was “taking the [expletive] truck.” When Officer Freeman approached Blount, he asked why she was touching “his truck.” This demonstrated *1223 that he intended to permanently or temporarily deprive CN of the truck. According to the statute’s language, it does not matter that he only took the truck approximately one-hundred feet. He happened to reside that approximate distance from the site of the theft. Blount admitted to Detective West that he did not have permission to move the truck. He willfully, unlawfully, and feloniously took the truck without authority.
¶ 28. The truck had the CN logo on it, as demonstrated by photos admitted into evidence. Downing and Tripp had bright reflective clothes on and hard hats with light attachments. They were wearing shirts with the CN security logo. These shirts were admitted into evidence. Considering the evidence in the light most favorable to the State, we find that a rational juror could have found the essential elements of motor-vehicle theft beyond a reasonable doubt. Therefore, this issue has no merit.
A Whether the verdict was against the overwhelming weight of the evidence.
¶ 29. In reviewing “the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18). “[T]he evidence should be weighed in the light most favorable to the verdict.” Id. The testimony detailed above establishes Blount drove the CN vehicle off without the authority to do so. Blount intended it to be his truck. The verdict was not against the overwhelming weight of the evidence. Viewing the evidence in a light most favorable to the verdict, upholding the verdict would not be an unconscionable injustice. Therefore, this issue has no merit.
¶ 30. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF MOTOR-VEHICLE THEFT, AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.