## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01710-COA

**CHARLIE BLOUNT A/K/A CHARLIE BLUNT**                    **APPELLANT**
**A/K/A CHARLIE BLOUT**

**v.**

**STATE OF MISSISSIPPI**                                             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/19/2013 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLIE BLOUNT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.

### ISHEE, J., FOR THE COURT:

¶1.     Charlie Blount was convicted of numerous felonies and is currently serving a life sentence in the custody of the Mississippi Department of Corrections (MDOC). Blount previously filed a motion for postconviction relief (PCR) challenging his sentence imposed in 1996. This Court found the PCR motion to be time-barred. *Blount v. State*, 126 So. 3d 927, 931 (¶14) (Miss. Ct. App. 2013). Aggrieved, he filed a subsequent PCR motion, not only challenging the 1996 sentence, but also a sentence rendered in 2011 for a seperate conviction. The Hinds County Circuit Court denied the motion, and Blount appealed.

Finding no error, we affirm.

## STATEMENT OF THE FACTS

¶2.     In 1993, Blount pled guilty in the circuit court to three separate felonies: (1) simple assault of a law enforcement officer, (2) accessory after the fact to grand larceny, and (3) receiving stolen goods. *Id.* at 929 (¶2). Blount's guilty pleas were accepted, and he was sentenced to serve five years for each count in the custody of the MDOC, with the sentences running concurrently. *Id*.

¶3.     Blount began serving these sentences in 1993, and in 1996, he was tried by a jury and convicted of cocaine possession, which was his fourth felony. *Id*. at (¶3). Blount was sentenced to serve three years in the custody of the MDOC as a habitual offender.

¶4.     In 2011, Blount was found guilty of motor-vehicle theft, which resulted in his fifth felony conviction. *Id*. The circuit judge sentenced Blount to a mandatory term of life imprisonment due to his status as a habitual offender. *Id*.

¶5.     Blount appealed his 2011 conviction, on the ground that he was improperly sentenced as a habitual offender. *Blount v. State*, 111 So. 3d 1216, 1219 (¶8) (Miss. Ct. App. 2012). He argued that his conviction for simple assault on a police officer in 1993 did not constitute a crime of violence as required by the habitual-offender statute. *Id*. at 1221 (¶19). On appeal, Blount's argument was rejected, and the circuit court's conviction and sentence were affirmed. *Id*. at 1222 (¶22).

¶6.     In 2012, Blount filed a motion for clarification, which the circuit court properly treated as a PCR motion, concerning his 1996 cocaine-possession charge. *Blount,* 126 So.

2

3d at 929 (¶4). In his PCR motion, he claimed that the multiple felony convictions he received in 1993 that led to the enhanced sentencing as a habitual offender did not arise out of separate incidents as required by the habitual-offender statute. *Id*. at (¶5). On September 19, 2013, the circuit court dismissed the motion as time-barred since it was filed over ten years after the statute of limitations had run. *Id*. Blount now appeals.

## DISCUSSION

¶7.     Mississippi Code Annotated section 99-39-5 (Rev. 2015) provides that a prisoner has three years to request postconviction relief. This Court has recognized that the "three-year statute of limitations is waived when a fundamental constitutional right is implicated, and the right to be free from an illegal sentence is a fundamental right." *Dickens v. State*, 119 So. 3d 1141, 1144 (¶8) (Miss. Ct. App. 2013) (quoting *Desemar v. State*, 99 So. 3d 279, 281 (¶7) (Miss. Ct. App. 2012)). The burden of proving that this exception exists falls on the petitioner. *Crawford v. State*, 867 So. 2d 196, 202 (¶7) (Miss. 2003).

¶8.     Blount argues that the time-bar should not apply to his PCR motion because he alleges that he was illegally sentenced. In support of his argument, he cites to the case of *Sumrell v. State*, 607 F. Supp. 2d 748 (N.D. Miss. 2009)(opinion withdrawn). On April 9, 2009, the District Court for the Northern District of Mississippi found that there was insufficient evidence to convict Mark D'Wayne Sumrell as a habitual offender. *Sumrell v. State*, No. 4:08CVO68-P-S, 2009 WL 1298359, at *1 (N.D. Miss. May 8, 2009). But, after further review, the district court found that Sumrell was not illegally sentenced and stated that the "actually served" element upon which Sumrell's argument relied was able to be

3

satisfied with "concurrent sentences served for separate unrelated convictions." *Id*. at *2. Based upon this review, the petition was procedurally barred, and the prior judgment was withdrawn. *Id*. at *3.

¶9.     Moreover, the Mississippi Supreme Court has held that if a defendant has been convicted of at least two prior felonies that are separately brought and arise from separate incidents, then sentencing as a habitual offender is "permissible even though only one year or more has been served as a result of concurrent sentencing." *Otis v. State*, 853 So. 2d 856, 862 (¶18) (Miss. 2003) (citing *Magee v. State*, 542 So. 2d 228 (Miss. 1989)). Accordingly, we find Blount's assertion that he was illegally sentenced as a habitual offender due to the concurrent sentencing from his 1993 convictions lacks merit. Furthermore, Blount has failed to provide this Court with sufficient evidence that his fundamental rights were violated. Thus, we agree with the circuit court that Blount's PCR motion should be dismissed as time-barred. This issue is without merit.

¶10. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**

4