LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On July 29, 1999, in the Washington County Circuit Court, Edward D. Flowers pleaded guilty to armed robbery. Flowers timely filed his first motion for post-conviction relief (PCR). The trial court denied relief, and this Court affirmed in Flowers v. State, 805 So.2d 654, 656 (¶ 1) (Miss.Ct.App.2002) (Flowers I). Flowers filed two more PCR motions. Flowers appealed the dismissal of his third PCR motion to this Court. We affirmed the dismissal in Flowers v. State, 978 So.2d 1281, 1283 (¶ 2) (Miss.Ct.App.2008) (Flowers II). Flowers filed two more PCR motions, both of which were dismissed as successive motions, on May 16, 2012, and June 20, 2012, respectively.
¶ 2. Flowers appeals the June 20, 2012 dismissal of his PCR motion, asserting several issues, which we have condensed as follows: (1) his sentence was unconstitutional under Graham v. Florida; and (2) his case should have been transferred to youth court.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
I. APPLICABILITY OF GRAHAM
¶ 4. Flowers argues that Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), is applicable to his case since he was a juvenile at the time he committed armed robbery. We recognize that Mississippi Code Annotated section 99-39-23(6) (Supp.2012) allows for certain exceptions to the successive-writ bar, including an “intervening decision of the Supreme Court of ... the United States which would have actually adversely affected the outcome of [the PCR movant’s] conviction or sentence.” In Graham, the United States Supreme Court held that life imprisonment without parole for juvenile offenders convicted of nonhomicide crimes violates the Eighth Amendment’s prohibition on cruel and unusual punishments. Graham, 130 S.Ct. at 2034. Although Flowers was a juvenile at the time of his crime, he was not sentenced to life imprisonment. Rather, Flowers was sentenced to twenty years with five years suspended. Thus, the holding in Graham is inapplicable to this case. This issue is without merit.
II. YOUTH COURT
¶ 5. Flowers also argues the trial court abused its discretion in failing to transfer his case to youth court. However, this argument does not fall within the exceptions to the successive-writ bar as listed in section 99-39-23(6). Furthermore, this Court addressed a similar issue in Flowers I and found it to be without merit. Thus, we decline to address this issue.
¶ 6. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
*89 IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.