MAXWELL, J.,
for the Court:
¶ 1. This court recently affirmed Charlie Blount’s direct appeal of his motor-vehicle-theft conviction and his life sentence as a habitual offender. While that appeal was pending, Blount filed a motion for post-conviction relief (PCR) in the Hinds County Circuit Court. His PCR motion challenged his various previous convictions and sentences but primarily attacked the court’s imposition of an enhanced sentence for his 1996 cocaine-possession conviction. The circuit judge summarily dismissed his PCR motion as time-barred. After reviewing the record and finding no applicable exceptions to the three-year statute of limitations, we too find the PCR motion was time-barred and properly dismissed. Thus, we affirm.
Facts and Procedural History
¶ 2. Blount’s string of felony convictions began in 1993, when he pled guilty in the Hinds County Circuit Court to three separate felonies — (1) simple assault of a law enforcement officer, (2) accessory after the fact to grand larceny, and (3) receiving stolen goods. The circuit judge accepted his three guilty pleas and sentenced Blount to five years on each count, with the sentences running concurrently.
¶ 3. In 1996, while still serving these sentences, Blount was tried by a jury and convicted of another felony — cocaine possession. He was sentenced to three years’ imprisonment on this drug charge as a habitual offender. See Miss.Code Ann. § 99-19-81 (Rev.2007) (imposing the maximum term of imprisonment for the current felony conviction where the defendant had been “convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times” and sentenced to separate terms of one year or more). Most recently, on April 15, 2011, a jury found Blount guilty of motor-vehicle theft, his fifth separate felony conviction. Because Blount had previously been convicted of at least two felonies, one of which was a crime of violence (simple assault on a law enforcement officer), and had served separate sentences of one or more years, the trial judge sentenced him as a habitual offender to a mandatory term of life imprisonment. See Miss.Code Ann. § 99-19-83 (Rev.2007).
¶ 4. We upheld Blount’s 2011 vehicle-theft conviction and life sentence on direct appeal, rejecting his argument that his conviction for simple assault did not involve an assault on a law enforcement officer and thus did not qualify as a crime of violence for habitual-offender status. Blount v. State, 111 So.3d 1216, 1222 (¶ 22) (Miss.Ct.App.2012) (rehearing denied Feb. 5, 2013, and certiorari denied May 2, 2013). But while his appeal was pending, Blount filed a PCR motion in the circuit court under cause number 94-3-38, which concerned his 1996 cocaine-possession charge.
¶ 5. Though Blount had already served the three-year sentence for this drug offense, he claimed the multiple felony convictions supporting the application of an enhanced sentence had not arisen out of separate incidents as required by section 99-19-81. Blount later amended his PCR motion to challenge each of his five prior felony convictions — including his 2011 motor-vehiele-theft conviction and sentence, which at the time were on direct appeal and had not yet been ruled upon by this court.
*930 ¶ 6. The circuit judge found that Blount impermissibly sought to challenge multiple criminal judgments in a single PCR motion. See Miss. Code Ann. § 99-39-9(2) (Supp.2012). So noting that Blount had styled his PCR motion under the cause number for his 1996 drug conviction and sentence, the court limited its review to that case. And because Blount had filed his PCR motion well over ten years after the applicable statute of limitations had run, the circuit court dismissed his PCR motion as time-barred.
I. Procedural Bar
¶ 7. Section 99-39-9(2) clearly limits a PCR motion “to the assertion of a claim for relief against one (1) judgment only.” This means that “a separate motion for post-conviction relief must be filed for each cause number or conviction.” Bell v. State, 2 So.3d 747, 749 (¶ 5) (Miss.Ct.App.2009). Thus, Blount could not attack in the same PCR motion his convictions or sentences handed down under different cause numbers. See Hundley v. State, 803 So.2d 1225, 1229 (¶ 9) (Miss.Ct.App.2001) (instructing that section 99-39-9(2) requires separate PCR motions to attack guilty pleas in two different cause numbers, even though the pleas are taken in the same hearing). But that is what he attempted to do.
¶ 8. We find the circuit court’s decision to limit its PCR review to Blount’s 1996 drug sentence is entirely consistent with section 99-39-9(2) and precedent. Thus, we too limit our review to Blount’s challenge to his 1996 sentence. We begin by considering the timeliness of his appeal.
II. Timeliness of Appeal
¶ 9. The State claims Blount’s appeal of his PCR motion’s dismissal is untimely. Under Mississippi Rule of Appellate Procedure 4(a), a notice of appeal must be filed with the clerk of the circuit court within thirty days after the date of entry of the judgment or order appealed from. The timely filing of a notice of appeal is jurisdictional. So if Blount’s notice of appeal was not timely filed, we have no jurisdiction to hear his appeal. See M.R.A.P. 4(a).
¶ 10. While it is clear Blount filed his notice of appeal on March 1, 2012, there is some confusion as to the date the circuit judge actually filed the order from which Blount appeals. According to the record, the order denying PCR relief is dated and stamped “filed” January 13, 2012. If this is so, then Blount’s notice of appeal is untimely. But Blount points to a copy of that same order, which is also dated as having been signed on January 13, 2012, by the circuit judge, but is stamped “filed” February 8, 2012, by the Hinds County Circuit Clerk. If this “second” order was indeed “filed” on February 8, 2012, then Blount had until March 8, 2012, to file his notice of appeal — a deadline he met.
¶ 11. Because of this ambiguity, we find the interests of justice weigh against imposing Rule 4(a)’s strict deadline in this instance. Thus, we exercise our discretion under Mississippi Rule of Appellate Procedure 2(c) to consider Blount’s appeal of the dismissal of his PCR motion. See M.R.A.P. 4 cmt. Still, after review, we find we need not reach the merits of Blount’s PCR challenge since we agree with the circuit judge that Blount filed his PCR motion far too late to survive the statutory time-bar.
III.Statutory Time-Bar
¶ 12. “Under [Mississippi Code Annotated section 99-39-5(2) (Supp. 2012) ], a movant has three years to file a PCR motion, and failure to file a PCR *931 motion within the three years is a procedural bar.” Brandon v. State, 108 So.3d 999, 1004 (¶ 12) (Miss.Ct.App.2012) (citing White v. State, 59 So.3d 633, 635 (¶ 6) (Miss.Ct.App.2011)). Here, Blount’s challenge to the April 4, 1996 drug sentence was not filed until August 26, 2011 — than fifteen years after the sentence was imposed. So Blount’s PCR motion is undoubtedly time-barred.
 ¶ 13. There are, however, several statutory and judicially created exceptions to the legislatively imposed time-bar. Section 99-39-5(2)(a)-(b) exempts from the time-bar cases in which the movant can demonstrate new evidence not available at trial, an intervening higher-court decision, or that the movant is being detained on an expired sentence. In addition to these codified exceptions, our supreme court has deemed the procedural bars of the Uniform Post-Conviction Collateral Relief Act inapplicable to “errors affecting fundamental constitutional rights.” Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010).
¶ 14. But while these exceptions do exist, it is the movant’s burden to prove an exception applies. White v. State, 59 So.3d 633, 635 (¶ 8) (Miss.Ct.App.2011) (citations omitted). And here, Blount has failed to offer any proof to show either the statutory or judicially created exceptions apply. Though Blount insists his already-served 1996 drug sentence was illegal because the three underlying felonies arose from a single incident, he offers no record support for his claim. He has not attached transcripts from his three prior guilty pleas, nor has he provided any affidavits to support his argument. Instead, we have only Blount’s assertions, which alone are insufficient to overcome the procedural time-bar. Hughes v. State, 106 So.3d 836, 839 (¶ 8) (Miss.Ct.App.2012). Lacking any proof of a statutory or judicially created exemption to the three-year time-bar, we affirm the dismissal of Blount’s PCR motion.
¶ 15. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.