# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01630-COA

**KEP LAFOON**                                                                     **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:                    09/12/2013
TRIAL JUDGE:                         HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED:           MARSHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              KEP LAFOON (PRO SE)
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:             DISMISSED MOTION FOR POST-
                                     CONVICTION RELIEF
DISPOSITION:                         AFFIRMED – 10/07/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., MAXWELL AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Kep Lafoon pleaded guilty to first-degree murder in the Marshall County Circuit Court. The circuit court sentenced Lafoon, as a violent habitual offender, to life imprisonment without eligibility for parole or early release. Lafoon filed a motion for post-conviction relief (PCR), alleging ineffective assistance of counsel. The circuit court dismissed Lafoon's motion as time-barred. Feeling aggrieved, Lafoon appeals and argues that the circuit court erred in dismissing his motion.

¶2.    Finding no error, we affirm.

FACTS

¶3.    Lafoon waived indictment and was charged by information, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2007),[1] with the murder of his mother-in-law. The two prior felonies listed in the information to establish Lafoon's habitual-offender status were theft of property over $500 and theft of merchandise over $1,000. On October 16, 2002, Lafoon pleaded guilty to the charge in the information, and the circuit court sentenced him as a habitual offender to life imprisonment in the custody of the Mississippi Department of Corrections, without eligibility for parole or probation. On November 2, 2002, the circuit court entered an amended judgment, sentencing Lafoon, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007),[2] to

---

[1] Section 99-19-83 provides:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

[2] Section 99-19-81 provides:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be

2

life imprisonment without eligibility for parole or probation.

¶4.     On June 20, 2013, Lafoon filed a PCR motion, insisting that even though the motion was untimely, it was excepted from the time-bar because his fundamental right to effective assistance of counsel had been violated. More specifically, Lafoon alleged that his counsel's failure to object to his being charged as a habitual offender pursuant to section 99-19-83 constituted ineffective assistance of counsel, as neither of Lafoon's prior convictions was a violent crime. He further alleged that if he were properly charged under section 99-19-81, he would not have waived his right to a jury trial. Lafoon claimed that he would have gone to trial on a manslaughter defense, but because he was being charged under section 99-19-83, there was nothing to be gained by going to trial. The circuit court found Lafoon's petition untimely, and, time-bar notwithstanding, found that Lafoon was not entitled to any relief based on the evidence.

## DISCUSSION

¶5.     "When reviewing a [circuit] court's denial or dismissal of a PCR motion, [appellate courts] will only disturb the [circuit] court's factual findings if they are clearly erroneous; however, [appellate courts] review the [circuit] court's legal conclusions under a de novo standard of review." *Flowers v. State*, 125 So. 3d 87, 88 (¶3) (Miss. Ct. App. 2013) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

---

sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

3

¶6.     Mississippi Code Annotated section 99-39-5 (Supp. 2014) provides that a PCR motion must be filed within three years after the entry of the judgment of conviction when a defendant has pleaded guilty. An untimely PCR motion may be excepted from the three-year statute of limitations if the movant can show "new evidence [that was] not available at trial, an intervening higher-court decision, or that the movant is being detained on an expired sentence." *Blount v. State*, 126 So. 3d 927, 931 (¶13) (Miss. Ct. App. 2013); *see also* Miss. Code Ann. § 99-39-5(2)(a)(i). Additionally, errors affecting a defendant's fundamental constitutional rights are exceptions to this time-bar. *Blount*, 126 So. 3d at 931 (¶13). Because the circuit court entered its judgment of conviction in 2002, and Lafoon did not file his PCR motion until 2013, Lafoon's motion is clearly untimely. However, Lafoon claims that because his counsel's assistance was ineffective and violated his fundamental constitutional rights, his motion is excepted from the time-bar.

¶7.     "The [Mississippi] [S]upreme [C]ourt has held that claims of ineffective assistance of counsel . . . are indeed subject to the procedural bars." *Salter v. State*, 64 So. 3d 514, 518 (¶14) (Miss. Ct. App. 2010) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)). "[M]erely raising the claim of ineffective assistance of counsel is insufficient to surmount the procedural bar," and this Court must review Lafoon's ineffective-assistance-of-counsel claim to determine whether it is sufficient to invoke the fundamental-rights exception. *Thomas v. State*, 933 So. 2d 995, 997 (¶5) (Miss. Ct. App. 2006) (citing *Beville v. State*, 669 So. 2d 14, 17 (Miss. 1996)). When a defendant claims that his counsel's assistance was defective, he "must show that counsel's performance was deficient . . . [and] that the

4

deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In cases where a defendant seeks to challenge the validity of his guilty plea, the Mississippi Supreme Court has stated, "In order to satisfy the prejudice requirement of *Strickland*, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Wilson v. State*, 81 So. 3d 1067, 1092 (¶42) (Miss. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted).

¶8. Lafoon offers no argument on appeal as to how his counsel's performance was deficient and prejudiced his defense. Lafoon merely cites caselaw without an explanation as to how the law applies to the facts of this case. The following colloquy took place during Lafoon's plea hearing:

> Q. All right. Now, the court has before it, as I stated earlier, a Petition to Enter a Plea of Guilty to the crime of murder as an habitual offender; is that correct, Mr. Lafoon?
>
> A. Yes, sir.
>
>                 * * * *
>
> Q. Before you signed your name to this petition, did you go over it with your attorney?
>
> A. Yes, sir.
>
> Q. Do you feel comfortable that your attorney has explained everything to you about what rights you have that you are waiving or giving up by pleading guilty here today?
>
> A. Yes, sir.

5

Q.     All right. Did your attorney answer any questions that you had of him?

A.     Yes, sir.

* * * *

Q.     All right. Do you understand that in pleading guilty to the crime of murder as an habitual offender, you are admitting that you're guilty of the crime of murder; do you understand that?

A.     Yes, sir.

Q.     Have you been made aware by your attorney of the elements necessary to prove the crime of murder?

A.     Yes, sir.

Q.     And are you satisfied that you are guilty of that crime of murder?

A.     Yes, sir.

There is nothing in the record that indicates that Lafoon's counsel "tricked" him into pleading guilty, as Lafoon claims on appeal. Lafoon claims in his PCR motion that had his counsel objected to Lafoon being charged under section 99-19-83, he would not have waived his right to a jury trial. However, Lafoon knew that he was being charged with first-degree murder by information before he pleaded guilty, and because the punishment for first-degree murder is life imprisonment, it would have made no difference whether he was charged under section 99-19-81 or section 99-19-83 before he pleaded guilty. Although the circuit court initially incorrectly applied section 99-19-83[3] before Lafoon pleaded guilty, the proper

---

[3] Section 99-19-83 would only apply if one of Lafoon's prior offenses used to establish his habitual-offender status was a violent offense.

6

application of section 99-19-81 would have resulted in Lafoon receiving the same sentence—that is, life imprisonment without eligibility for parole or probation. Lafoon has not shown that his counsel's performance was prejudicial. Accordingly, Lafoon's claim of ineffective assistance of counsel is not sufficient to invoke the fundamental-rights exception to the time-bar. This issue is without merit.

¶9.    **THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**