# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00411-COA

**JAMES RAY SANDERS A/K/A JAMES R. SANDERS A/K/A JAMES SANDERS**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/2014 |
| TRIAL JUDGE: | HON. JOHN ANDREW GREGORY |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES RAY SANDERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 06/09/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.    James Sanders appeals the Circuit Court of Lafayette County's summary denial of his pro se motion for post-conviction relief (PCR).  Finding no error, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    In May 1999, a grand jury indicted Sanders for capital murder under Mississippi Code Annotated section 97-3-19(2)(e) (Rev. 2014) for the killing of Charles Kenneth Maness during the commission of an armed robbery.  Ultimately, Sanders, represented by appointed counsel, pleaded guilty to the lesser offense of simple murder.  The plea petition Sanders

executed stated the maximum punishment the court may impose was death and the minimum punishment was "life with parole." The petition also stated that as a result of the plea bargaining, the State would recommend to the trial court that he receive a sentence of "life with parole possible."[1]

¶3.    During the guilty-plea hearing, the trial judge questioned Sanders to determine whether his plea was voluntarily and knowingly made. The judge determined it was, and Sanders testified he committed the crime. Sanders also stated that no promises had been made to him "other than possible life without parole," which was part of the plea agreement with the State. During the sentencing hearing, the trial judge asked Sanders if he understood that once the charge is reduced from capital murder to simple murder, "there is no discretion for the sentence" because "the statute provides for the imposition of a life sentence." Sanders responded that he understood, and he was sentenced to life in the custody of the Mississippi Department of Corrections.

¶4.    In October 2001, Sanders filed his first pro se PCR motion, which the trial court dismissed in May 2002. In August 2002, Sanders requested "work product" from his former defense counsel, who had terminated services in July 2000. During this time, Sanders also filed a complaint with the Mississippi Bar Association against his attorney; however, his attorney claimed he sent Sanders all of the records to which he was entitled regarding his

---

[1] While Sanders's 1999 conviction of murder bars his eligibility for parole (*see* Miss. Code Ann. §§ 47-7-3(g) (Rev. 2000) & 47-7-3(f) (Supp. 2014)), he may, at the age of sixty-five, petition the sentencing court for conditional release if he has served at least fifteen years of his sentence. *See* Miss. Code Ann. § 47-5-139(1)(a) (Rev. 2011). Had he been convicted of capital murder, he would not have been eligible for such consideration. *See id.*

case.

¶5. Sanders appealed the dismissal of his first PCR motion, raising the following issues: his guilty plea was involuntary, as the trial court failed to inform him of the mandatory minimum sentence he would receive for simple murder; he received ineffective assistance of counsel; and he was improperly denied a preliminary hearing. This Court found Sanders's arguments without merit and affirmed the dismissal. *See Sanders v. State*, 847 So. 2d 903, 907 (¶23) (Miss. Ct. App. 2003).

¶6. Subsequently, in February 2014, Sanders filed with the trial court the PCR motion currently before this Court, entitled "Motion to Vacate, Set Aside, or Correct the Judgment or Sentence." In this second motion, Sanders argued that his counsel was ineffective for various reasons, and such ineffectiveness rose to the level of violating his constitutional rights, thereby excepting his motion from any procedural bars. The trial court denied Sanders's motion, finding it successive and time-barred. The trial court also found Sanders was not entitled to any relief on the merits. Sanders timely appealed, making the same arguments as in his PCR motion regarding procedural bars and ineffective assistance of counsel.

## STANDARD OF REVIEW

¶7. When reviewing the denial of a PCR motion, the appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Presley v. State*, 48 So. 3d 526, 528-29 (¶10) (Miss. 2010) (quoting *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)). Questions of law are reviewed de novo. *Id.* at 529 (¶10).

**ANALYSIS**

¶8.      Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion bars a second or successive motion.  Miss. Code Ann. § 99-39-23(6) (Supp. 2014).  Additionally, a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction.  Miss. Code Ann. § 99-39-5(2) (Supp. 2014).  Sanders admits this motion is his second PCR motion, and it was filed nearly fourteen years after he pleaded guilty; thus, it is barred unless excepted.

¶9.      Sanders claims his various ineffective-assistance-of-counsel claims rose to a violation of his fundamental constitutional rights, and thus his motion should be excepted from procedural bars under *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010).  It is true that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA" as the Mississippi Supreme Court held in *Rowland*, 42 So. 3d at 507 (¶¶9, 12). However, the supreme court has not held that ineffective-assistance-of-counsel claims in noncapital cases invoke a fundamental right that eludes the UPCCRA's procedural bars. *Compare Grayson v. State*, 118 So. 3d 118, 126 (¶14) (Miss. 2013) (holding there is a fundamental constitutional right to effective assistance of post-conviction-relief counsel in death-penalty cases) *with Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014) (identifying four types of "fundamental rights" recognized by the Mississippi Supreme Court to survive procedural bars).[2]

---

[2]  In *Smith v. State*, 149 So. 3d 1027, 1031 (¶9) (Miss. 2014), the supreme court reiterated that there is no substantive res judicata bar to a second PCR motion, and the successive-pleadings bar is procedural rather than substantive.

¶10. In this case, the same evidence and arguments are raised, discussed, and found without merit as in *Sanders*, 847 So. 2d at 907 (¶¶19-20). While Sanders's executed plea petition stated the minimum sentence was "life with parole," at the plea hearing he was told no promises had been made "other than possible life without parole." Further, at the sentencing hearing the trial judge explained "there is no discretion in the sentence" and "the statute provides for the imposition of a life sentence." Sanders responded that he understood. As we determined on the appeal of Sanders's first PCR motion, he was fully "informed of the statutory maximum and minimum penalties allowable." *Id.* at 905 (¶13). We see no reason to come to a different result here where Sanders has merely reworked his argument as an ineffective-assistance-of- counsel claim in order to attempt to overcome the procedural bar. Neither the law nor the facts have changed. Sanders has failed to present a case sufficient to overcome the procedural bars. The trial court's denial of his second PCR motion is affirmed.

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**