# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01971-COA

**REGINALD MASON A/K/A REGINALD ELAINE MASON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/02/2013 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | REGINALD MASON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE DOTSON THOMAS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/06/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND CARLTON, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     On May 12, 1995, Reginald Mason shot Ronald Merritt with a pistol while attempting to rob him.  Mason pleaded guilty in the Adams County Circuit Court to armed robbery and aggravated assault and was sentenced to serve twenty years on each count in the custody of the Mississippi Department of Corrections (MDOC), with the sentences running concurrently.  On September 23, 2013, Mason filed a motion for post-conviction relief (PCR).  In his PCR motion, Mason alleged that he was denied counsel during his guilty plea. The circuit court dismissed the PCR motion on the ground that it was barred by the statute

of limitations, but also noted that Mason's argument was without merit. Mason now appeals. Finding no error, we affirm.

## STATEMENT OF FACTS

¶2. In May 1995, Mason shot Merritt with a pistol while attempting to rob him. He was indicted on the charges of armed robbery and aggravated assault. On July 8, 1996, Mason filed a petition to enter a plea of guilty, but he later withdrew the plea. A trial began on July 24, 1996, and, after three witnesses testified on behalf of the State, Mason decided to enter a guilty plea. The plea was accepted, and he was sentenced to serve twenty years on each charge in the custody of MDOC, with the sentences running concurrently.

¶3. In 2013, Mason filed a PCR motion. He alleged that he was deprived of his right to counsel during plea negotiations and that the circuit court erred in denying his PCR motion without an evidentiary hearing. The circuit court dismissed Mason's motion on the ground that it was filed outside the three-year statute of limitations. In addition to the fact that the motion was time-barred, the circuit court also found that Mason's arguments were without merit. We agree.

## STANDARD OF REVIEW

¶4. When reviewing a dismissal of a PCR motion, this Court will not disturb a trial court's factual findings unless they are clearly erroneous. *Pickle v. State*, 64 So. 3d 1009, 1011 (¶7) (Miss. Ct. App. 2010) (citation omitted). However, we review questions of law de novo. *Id*.

## DISCUSSION

¶5. Mississippi Code Annotated section 99-39-5(2) (Supp. 2014) requires that, in the case

of a guilty plea, a PCR motion must be filed "within three (3) years after entry of the judgment of conviction." However, there are several statutorily and judicially created exceptions to this time-bar. *Blount v. State*, 126 So. 3d 927, 931 (¶13) (Miss. Ct. App. 2013). "Section 99-39-5(2)(a)-(b) exempts from the time-bar cases in which the [defendant] can demonstrate new evidence not available at trial, an intervening higher-court decision, or that the [defendant] is being detained on an expired sentence." *Id*. In addition, the Mississippi Supreme Court has also held that the time-bar does not apply to "errors affecting fundamental constitutional rights." *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010).

¶6.     Mason pleaded guilty on July 24, 1996, and he filed his PCR motion on September 23, 2013, which was well outside the allotted three years. In his motion, Mason argued that he was abandoned by his attorney during his guilty plea. He asserts that this error affected his fundamental constitutional rights and that he is entitled to an evidentiary hearing.

¶7.     "The supreme court has held that claims of ineffective assistance of counsel . . . are indeed subject to the procedural bars." *Salter v. State*, 64 So. 3d 514, 518 (¶14) (Miss. Ct. App. 2010) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)). "[M]erely raising the claim of ineffective assistance of counsel is insufficient to surmount the procedural bar, and this Court must review [the defendant's] ineffective-assistance-of-counsel claim to determine whether it is sufficient to invoke the fundamental-rights exception." *Lafoon v. State*, 2014 WL 4977537, at *2 (¶7) (Miss. Ct. App. 2014) (citations omitted). For a defendant to prevail on a claim that his counsel was ineffective, he "must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Id*.

(quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

¶8.     Upon review of the record, we find no indication that Mason was abandoned by his attorney. The following conversation took place during Mason's plea hearing:

| | |
|---|---|
| Court: | . . . Now again, you have talked to your attorney about this matter. Have you been able to talk to your family about this matter too? |
| Mason: | I had a brief moment with them. |
| Court: | Okay. And you understand what you're facing in this matter? |
| Mason: | Yes, sir. |
| Court: | And you've talked to your attorney about what's the best thing for you to do in this case? |
| Mason: | Yes, sir. |
| . . . . | |
| Court: | Now I'm going to ask you under your oath . . . are you pleading guilty . . . because you are, in fact, guilty of this charge against you for your part in this attempted robbery and aggravated assault? |
| Mason: | Yes, sir. |
| Court: | I don't want [there] to be any doubt about that. You've heard what Mr. Merritt said about that you're the one that shot him and attempted to rob him with the pistol while another individual was in the car. I'm going to ask you, is that what happened? |
| Mason: | Yes, sir. |

¶9.     Based on the foregoing, we see no evidence that Mason was prejudiced by his attorney's performance. Mason testified that he had spoken with his attorney prior to

4

entering his guilty plea, and Mason agreed on the record that entering a guilty plea was the right thing to do. In addition, Mason admitted during his plea that he was guilty of the charges. As such, we find that Mason's claim of ineffective assistance of counsel is not sufficient to invoke the time-bar's fundamental-rights exception. This issue is without merit.

¶10. **THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**