# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00595-COA

**CLYDE CAMPBELL**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/25/2014 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CLYDE CAMPBELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Clyde Campbell appeals the dismissal of his motion for postconviction relief (PCR) seeking relief from his 1974 conviction and sentence. Campbell argues the trial court erroneously found his PCR motion was time-barred. Finding no error, we affirm the trial court's dismissal.

## FACTS

¶2.     The record reflects that Campbell is currently serving a life sentence as a habitual offender without eligibility for parole or probation. The trial court sentenced Campbell as a habitual offender based upon Campbell's felony convictions in 1974, 1981, and 1990.

Campbell challenges only his 1974 conviction in the present PCR motion.

¶3. On December 4, 1974, Campbell pleaded guilty to assault and battery with intent to kill after he shot a Natchez police officer. The officer died as an indirect result of the injuries he received from being shot by Campbell. The trial court sentenced Campbell to serve five years in the custody of the Mississippi Department of Corrections (MDOC), but Campbell only served a little more than a year of his sentence. *See Campbell v. State (Campbell II)*, 75 So. 3d 1160, 1161 (¶3) (Miss. Ct. App. 2011).

¶4. In 1981, Campbell was convicted of carrying a concealed weapon by a felon. The trial court sentenced Campbell to serve five years in the custody of the MDOC, but Campbell again served a little over a year in prison.

¶5. In July of 1990, Campbell was convicted of committing aggravated assault on his girlfriend. He threw gasoline on her, deliberately lit a cigarette lighter, and intentionally caused her to be engulfed in flames. As a result, she suffered serious injuries. The trial court sentenced Campbell as an habitual offender to life in the custody of the MDOC, without eligibility for parole or probation. *See Campbell v. State (Campbell I)*, 704 So. 2d 465 (Miss. Ct. App. 1997).

¶6. On February 4, 2014, Campbell filed a PCR motion. In his motion, Campbell claimed: (1) that his guilty plea for the 1974 assault and battery conviction was not voluntarily or knowingly entered; (2) that his guilty plea was involuntary because he was coerced to plead guilty by his attorney, even though he was actually innocent; (3) that no factual basis existed for his plea; (4) that he was not advised of the mandatory minimum

2

sentence he could receive if convicted; (5) that he was not informed about the right to remain silent and the right to confront and cross-examine adverse witnesses; and (6) that he failed to receive effective assistance from his counsel.

¶7. On February 25, 2014, the trial court denied relief and dismissed Campbell's PCR motion after finding the motion clearly time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). The trial court also held that the issues raised by Campbell lacked merit. Campbell now appeals. Finding no error in the trial court's determination that Campbell's PCR motion is time-barred, we affirm the trial court's dismissal of Campbell's PCR motion.

## STANDARD OF REVIEW

¶8. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). However, we review questions of law de novo. *Chaney v. State*, 121 So. 3d 306, 308 (¶4) (Miss. Ct. App. 2013).

¶9. A trial court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015).

## DISCUSSION

¶10. In his PCR motion, Campbell argues that he is currently serving an illegal sentence because his plea was not knowingly, voluntarily, or intelligently made; that his counsel

coerced him to plead guilty despite Campbell's innocence; and that he received ineffective assistance of counsel.

¶11. In denying Campbell's PCR motion, the trial court explained that Campbell failed to file his motion within the statute of limitations set forth in section 99-39-5(2); as a result, Campbell's motion was time-barred. The trial court found that Campbell failed to show that any exception to the time-bar applied to his PCR motion. The trial court also held that "notwithstanding this procedural bar, . . . [Campbell] is not entitled to any relief on the merits."

¶12. As discussed, the record reflects that Campbell pleaded guilty to assault and battery on December 4, 1974, and was sentenced that same day to serve five years in the custody of the MDOC. He served a little more than a year of that sentence in MDOC custody. Section 99-39-5(2) identifies the time limitations for PCR motions stemming from guilty pleas:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

¶13. In *Patterson v. State*, 594 So. 2d 606, 607 (Miss. 1992), the Mississippi Supreme Court explained that the Uniform Postconviction Collateral Relief Act (UPCCRA) "applies prospectively from its date of enactment, April 17, 1984." Accordingly, "[i]ndividuals such as [Campbell] who entered a plea of guilty prior to April 17, 1984, have three (3) years from April 17, 1984, to file their [PCR motion]." *Id.*; *see also Odom v. State*, 483 So. 2d 343, 344 (Miss. 1986). Campbell possessed three years from April 17, 1984, to file his PCR motion;

4

however, the record shows that Campbell failed to file a PCR motion regarding his 1974 conviction and sentence until February 4, 2014. As a result, we find that Campbell's PCR motion is indeed time-barred.

¶14. However, section 99-39-5(2) provides exceptions from the three-year statute of limitations for PCR motions:

> Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:
>
>> (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
>>
>> (ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
>>
>> (b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

The supreme court has also held that "errors affecting fundamental constitutional rights are excepted from the procedural bars." *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss.

5

2010). We recognize that the petitioner bears the burden to prove that an exception applies. *Blount v. State*, 126 So. 3d 927, 931 (¶14) (Miss. Ct. App. 2013). The record herein reflects no evidence or inferences of a violation of Campbell's fundamental rights.

¶15. After reviewing the record, we find that Campbell's motion fails to include any of the instances in which his case would have been exempted from the three-year statute of limitations. *Singleton v. State*, 840 So. 2d 815, 818 (¶8) (Miss. Ct. App. 2003). Additionally, we acknowledge that our Court has held that involuntary-guilty-plea claims are not considered a claim of the violation of a fundamental right and are thus not excepted from procedurals bars under the fundamental-rights exception. *Smith v. State*, 118 So. 3d 180, 184 (¶12) (Miss. Ct. App. 2013). We further recognize that the supreme court "has held that claims of ineffective assistance of counsel are indeed subject to the procedural bars." *Lafoon v. State*, 164 So. 3d 494, 496 (¶7) (Miss. Ct. App. 2014); *see also Sanders v. State*, 179 So. 3d 1190, 1192 (¶9) (Miss. Ct. App. 2015) ("[T]he supreme court has not held that ineffective-assistance-of-counsel claims in noncapital cases invoke a fundamental right that eludes the UPCCRA's procedural bars."). Merely raising a claim of ineffective assistance of counsel is insufficient to overcome the procedural bar; rather, "[t]here must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011) (citing *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)).

¶16. In order to prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate that his "counsel's representation fell below an objective standard of

6

reasonableness"; and that but for counsel's errors, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Hannah v. State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Campbell "must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different." *Id*. at (¶7). Additionally, "a defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by affidavits other than his own." *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012).

¶17.    After reviewing the record, we find that Campbell's claim of ineffective assistance of counsel is based solely on the allegations in his brief, and he has failed to provide any affidavits or other evidence to support his claim. Regarding Campbell's claims that his attorney failed to advise him of the minimum and maximum sentences he faced, the transcript of the plea colloquy and sentencing hearing from December 4, 1974, reflects that the trial court asked Campbell: (1) whether his counsel had advised him of the consequences of the charges against him, and whether Campbell thoroughly understood the nature of the charges; (2) whether Campbell understood the sentence he could receive if found guilty of the charges; and (3) whether Campbell understood the consequences of pleading guilty to the charges, including foregoing his right to a jury trial. Campbell, under oath, answered affirmatively, "Yes, sir." The transcript of the plea colloquy and sentencing hearing reflects that Campbell also confirmed that he was entering his guilty plea freely and voluntarily. Our review of the record shows that Campbell failed to present any evidence to support his claim

that his trial counsel was ineffective or any evidence that his claims are exempt from the three-year statute of limitations.

¶18. The State also asserts that Campbell is not currently incarcerated due to his assault and battery conviction upon which his present PCR motion is based. The State maintains that Campbell was released early from his sentence, and he is currently serving a life sentence for an unrelated crime, a 1990 aggravated-assault conviction. Indeed, in *Campbell II*, 75 So. 3d at 1161 (¶3), this Court recognized that "Campbell was sentenced to serve five years in the custody of the MDOC [for the 1974 conviction], but he served a little more than a year in prison." Campbell is now serving a life sentence, without eligibility for parole or probation, after being convicted of aggravated assault in 1990. *See id.* at (¶2).

¶19. Because we affirm the trial court's dismissal of Campbell's PCR motion as time-barred, we decline to address the State's argument that Campbell lacks standing to attack his 1974 conviction due to his release from prison on that charge.

¶20. **THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**