# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00787-COA

**JOHNNY TURNER**                                                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/05/2018 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHNNY TURNER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/10/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Johnny Turner, appearing pro se, appeals the Oktibbeha County Circuit Court's dismissal of his motion for post-conviction relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On April 28, 1981, Turner pled guilty to the charge of aggravated assault in the Oktibbeha County Circuit Court. The court sentenced Turner to serve eight years in the custody of the Mississippi Department of Corrections (MDOC). On June 15, 1981, the MDOC released Turner on shock probation.

¶3. On September 30, 1983, Turner was convicted of burglary of an occupied dwelling

in Lincoln County, Mississippi, and sentenced to seven years in MDOC's custody. Citing the violation of the terms of probation, the court revoked Turner's probation and ordered him to serve the initial eight-year sentence concurrent with the new seven-year term. Turner ultimately served six years before he was discharged from both sentences on November 10, 1989.

¶4.     On January 22, 2002, an Oktibbeha County grand jury indicted Turner on one count of manufacturing methamphetamine and one count of possession of methamphetamine pursuant to Mississippi Code Annotated section 41-29-139 (Rev. 2001). A jury found Turner guilty on both counts, and on May 4, 2004, he was sentenced to life imprisonment in the MDOC's custody as a habitual offender pursuant to Mississippi Annotated Code section 99-19-83 (Rev. 2000). The State cited both of Turner's prior felony convictions—from 1981 and 1983—and the respective sentences as a basis for the application of the habitual status. Turner appealed this conviction in *Turner v. State*, 945 So. 2d 992 (Miss. Ct. App. 2007). This Court reversed and remanded the case due to an evidentiary issue. The circuit court's resolution of the matter on remand is not dispositive of the issues presently before this Court.[1] Nonetheless, Turner is currently serving a life sentence without eligibility for parole.

---

[1] On October 5, 2009, Turner filed a petition seeking a writ of habeas corpus in the United States District Court. *Turner v. Mississippi*, No. 1:09CV249-A-D, 2010 WL 1568579 (N.D. Miss. April 19, 2010). The petition was dismissed as untimely. *Id*. at *2. The court's memorandum opinion indicates that on remand from this Court, the circuit court filed an "Order Containing Findings of Fact and Conclusions of Law" resolving the evidentiary issue in favor of the State. *Id*. at *1. Turner did not appeal that order, and, as mentioned, it is not dispositive of the matter before us.

¶5. Turner filed numerous PCR motions in the Oktibbeha County Circuit Court, asserting that the State failed to prove the elements required to sentence him as a habitual offender. Respective orders denying the motions were entered on January 29, 2007; April 19, 2012; May 14, 2012; October 31, 2014; February 4, 2016; June 27, 2017; and July 31, 2017.

¶6. On January 18, 2018, Turner filed another PCR motion, seeking to vacate and correct his alleged illegal sentence. On February 5, 2018, the circuit court dismissed the motion. On July 18, 2018, the Mississippi Supreme Court issued an order denying Turner's "Application for Leave to Proceed in the Trial Court" and "Motion to Amend Application for Leave to Proceed in the Trial Court." The Supreme Court found the application barred as untimely and as a successive application, noting that this Court had already decided the case on direct appeal in *Turner v. State*, 945 So. 2d 992 (Miss. Ct. App. 2007). The Supreme Court found no exceptions applicable to the application. Notwithstanding the procedural bars, the Supreme Court found that the application and the amended application were without merit.

¶7. Aggrieved, Turner now appeals the circuit court's February 5, 2018 dismissal of his motion.

## STANDARD OF REVIEW

¶8. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Ware v. State*, 258 So. 3d 315, 317-18 (¶7) (Miss. Ct. App. 2018 (quoting *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

**DISCUSSION**

¶9. Upon review, we find that Turner's current PCR motion is procedurally time-barred. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) found in Mississippi Code Annotated section 99-39-5 (Rev. 2015) provides that "in case of a guilty plea," a motion for relief must be filed "within three (3) years after entry of the judgment of conviction." Turner pled guilty on April 28, 1981, and the corresponding judgment of conviction referenced in Turner's PCR motion was entered by the circuit court on the same date.[2] Therefore, Turner's PCR motion is clearly time-barred and was properly dismissed by the circuit court.

¶10. The supreme court has also held that "errors affecting fundamental constitutional rights are excepted from the procedural bars." *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). We recognize that the petitioner bears the burden to prove that an exception applies. *Blount v. State*, 126 So. 3d 927, 931 (¶14) (Miss. Ct. App. 2013).

*Campbell v. State*, 194 So. 3d 204, 208 (¶14) (Miss. Ct. App. 2016).

¶11. Turner's arguments do not fall within or argue the existence of any exception to the statutory three-year limitation. The Mississippi Supreme Court has consistently found requests for relief time-barred under the Mississippi UPCCRA in accordance with the limitations set forth in section 99-39-5(2). *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000) (citing *Campbell v. State*, 611 So. 2d 209 (Miss. 1992); *Patterson v. State*, 594 So. 2d

---

[2] "The UPCCRA was enacted on April 17, 1984. So '[i]ndividuals convicted prior to April 17, 1984, ha[d] three (3) years from April 17, 1984, to file their petition for post conviction relief.'" *Jackson v. State*, 67 So. 3d 725, 727 n.4 (Miss. 2011) (citing *Odom v. State*, 483 So. 2d 343, 344 (Miss.1986)).

606 (Miss. 1992)).

¶12.    Notwithstanding the procedural bar, the issues raised in Turner's PCR motion are without merit. Turner asserts that the circuit court improperly dismissed his PCR motion to withdraw or vacate the 1981 guilty plea for aggravated assault. Turner argues that there was no factual basis for the circuit court to accept, or for his attorney to recommend, a guilty plea. By withdrawing or obtaining an order vacating the plea, Turner seeks to invalidate his current habitual-offender status and life sentence. In his petition, Turner first raises the following issues:

> **I.      Whether the circuit court erred in sentencing Turner for an offense absent a factual basis to accept his guilty plea.**
>
> **II.     Whether the circuit court erred in dismissing Turner's motion to withdraw his guilty plea.**

¶13.    Because they are mutually dependent, we will address Turner's first two assignments of error collectively. Turner argues that the circuit court lacked a factual basis to accept his guilty plea and thereby erred in dismissing his motion to withdraw or vacate the plea. However, this assertion is not supported by the record. Transcripts from the April 28, 1981 plea hearing reveal the following colloquy between the circuit court and Turner:

> [THE COURT]:    Johnny Turner, . . . at a previous term of this court, you entered a plea of not guilty to this indictment. Do you now wish to change that plea?
>
> [TURNER]:       Yes.
>
> [THE COURT]:    How do you plead, guilty or not guilty?

[TURNER]:               Guilty

. . . .

[THE COURT]:            All right, in addition to indicating to the court you desire
                        to enter a plea of guilty you have . . . signed a sworn
                        petition setting out the fact that you understand the
                        consequences of your act in pleading guilty. - -

. . . .

[TURNER]:               Yes, sir.

[THE COURT]:            - - And your constitutional rights, and that you still desire
                        to enter a plea of guilty to this charge?

. . . .

[TURNER]:               Yes.

. . . .

[THE COURT]:            And you . . . understand what you're doing by entering
                        this plea of guilty to this charge?

. . . .

[TURNER]:               Yes.

[THE COURT]:            All right, the court finds the plea [] [is] freely and
                        voluntarily, knowingly and intelligently entered, and will
                        accept your plea of guilty to the charge of aggravated
                        assault. Is there anything you want to say to the court or
                        any evidence you want the court to hear before the
                        sentence of the law is passed upon you?

. . . .

[TURNER]:               No, sir.

¶14.    In *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013), this Court

explained that "[j]ust as there is more than one way to skin the proverbial cat, there are

6

numerous ways to establish a factual basis for a guilty plea. We have previously noted that a guilty plea may be factually undergirded 'by a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant.'" (Quoting *Turner v. State*, 864 So. 2d 288, 292 (¶17) (Miss. Ct. App. 2003)). The record clearly establishes that when questioned by the court, Turner admitted that he was guilty of aggravated assault. In fact, Turner amended his original plea of not guilty to guilty. The issue is without merit.

### III.     Whether Turner's trial counsel was ineffective.

¶15.    For this Court to consider Turner's ineffective-assistance-of-counsel claim, "[t]here must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011) (quoting *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)). Based on a review of the record, we find that the allegations in Turner's brief are unsupported by law or evidence. Alone, Turner's assertions do not provide an adequate means of showing "a reasonable probability that, but for counsel's errors, [Turner] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different." *Hannah v. State*, 943 So. 2d 20, 24 (¶7) (Miss. 2006). Thus, Turner's claim is time-barred and without merit.

¶16.    The circuit court did not err in dismissing Turner's PCR motion to vacate or withdraw his guilty plea. Having been filed over a decade after the 1981 guilty plea and absent any basis for exception, we find Turner's PCR motion is time-barred.  Accordingly, we affirm

the circuit court's dismissal of Turner's PCR motion.

¶17.    **AFFIRMED.**

      **BARNES, C.J., CARLTON, P.J., GREENLEE, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. J. WILSON, P.J., AND C. WILSON, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**